AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MISAEL BENITEZ-MALDONADO | ) | Case No. 12-8428-JMH |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

NOV - 6 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 3, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Fraud and misuse of visas, pertmits and other documents. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Scott Stacy, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/06/2012

_____
*Judge's signature*

City and state: WEST PALM BEACH, FLORIDA

JAMES M. HOPKINS, U.S. MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT
# OF
# AGENT SCOTT STACY
# DEPARTMENT OF HOMELAND SECURITY
# CUSTOMS and BORDER PROTECTION

I, Scott Stacy, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for more than fifteen (15) years. I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida. The station is located in the Southern District of Florida.

2. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. This affidavit is based upon an ongoing investigation. The information herein is further based on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A******356, court documents and reports, and interviews of Misael BENITEZ-MALDONADO. The statements contained in this affidavit are based upon my own personal

knowledge, as well as information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause that Misael BENITEZ-MALDONADO has committed a violation of Title 18, United States Code, Section 1546(a), fraud and misuse of visas, permits and other documents.

4. On November 3, 2012, at approximately 6:00 a.m., a deputy from the Palm Beach County Sheriff's Office (PBSO) conducted a vehicle stop on a Jeep Cherokee. The vehicle stop was initiated because the vehicle's emergency flashing lights were on for a number of miles and were not being used for a lawful purpose, such as to indicate a turn, the change of lane or that the vehicle was lawfully stopped or disabled on the highway. The vehicle stop was conducted near 16th Avenue N. and North J Street in Lake Worth, in Palm Beach County, in the Southern District of Florida

5. There were three occupants in the vehicle and the deputy requested identification from all of them. None of the occupants admitted to having any identification. All three occupants had their fingerprints scanned using the Sheriff's Office issued biometric fingerprint scanner. Based on the results of the scanner, one of the passengers, who had specifically given consent to allow the scanning of his fingerprint, was identified as Misael BENITEZ-MALDONADO, hereinafter Defendant. The computer check revealed that Defendant had an outstanding warrant of deportation, which was confirmed through teletype by ICE (Immigration and Customs Enforcement).

2

6. Defendant was placed in handcuffs and searched as a safety precaution prior to detention. During the search, the deputy located two immigration documents inside of Defendant's wallet, which was inside the Defendant's pocket. One of the cards read 'Resident Alien Card' and the other read 'Permanent Resident Card'. The appearance of the cards caused the deputy to become suspicious that the documents were fraudulent. Based on the warrant, the deputy detained the defendant. The deputy then kept the Defendant in his custody until immigration authorities could be notified.

7. Border Patrol Agents from the West Palm Beach station received a call for assistance from an ICE Special Agent regarding the Defendant. A Border Patrol Agent contacted the deputy and interviewed Defendant telephonically. The agent identified himself as a Border Patrol Agent and then questioned Defendant as to his citizenship. Defendant admitted to entering the United States illegally and to not having any papers to be in the United States legally. An immigration detainer was sent to the Palm Beach County Jail, where Defendant was being temporarily held in custody, in order to hold Defendant until a Border Patrol Agent was able to respond to the jail.

8. A Border Patrol Agent arrived at the jail approximately 9:20 a.m. The agent identified himself as a Border Patrol Agent and confirmed Defendant's alienage through questioning. Defendant admitted to being illegally in the United States. Defendant was placed under administrative arrest and transported, along with the two fraudulent documents, to the West Palm Beach Border Patrol Station for vetting and processing.

9. Defendant's biographical information, a photograph, and fingerprints were entered into the DHS e3 Processing System wherein they are searched in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The two systems check prior immigration and criminal history records based on input fingerprints.

10. Defendant was positive in both systems. Records showed Defendant was arrested on or about June 30, 2005 and put in removal proceedings under A#******356. Checks were conducted in the USCIS computer database. Information contained in the USCIS database indicated that Defendant had been ordered removed in absentia from the United States on February 6, 2007 and never departed the United States.

11. Defendant was advised of his Miranda Warning in the Spanish language by Border Patrol Agent R. Abbott, and was witnessed by Border Patrol Agent C. Barrientos. Defendant signed a waiver of these rights and agreed to make a statement without the presence of an attorney. In the statement, Defendant admitted to being born in El Salvador and then moved to Belize where he became a naturalized citizen. Defendant also admitted to having been ordered removed from the United States and not leaving after having been so ordered. Defendant admitted that he knew the cards were fraudulent. Defendant admitted that he had someone make the cards for him with Defendant's name on them. Defendant claimed that he had the cards in his wallet in order to make his wallet bigger but that he never used them.

12. The alien registration number ******930 listed on the fraudulent alien registration cards that were in the possession of Defendant were checked in the Central Index System. The check listed the card number as having been issued to P. Kasturbhai. Kasturbhai is a native and citizen of India who was became a legal permanent resident in 2008. The fraudulent documents with Kasturbhai's alien registration number had Defendant's name and photo on the card. The cards also appeared to be fraudulent due to the photo being a frontal view instead of an angled view, the misspelling of the country Belize and the overall poor quality of the cards. Both documents were seized and will be forwarded to the DHS/USICS Document Lab for confirmation as to the lack of validity.

WHEREFORE, on the basis of the foregoing, your affiant submits that probable cause exists to charge Defendant Misael BENITEZ-MALDONADO with a violation of Title 18, United States Code, Section 1546(a), that is, fraud and misuse of visas, permits and other documents.

FURTHER AFFIANT SAYETH NAUGHT,

_____
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___6___ DAY OF NOVEMBER 2012
AT WEST PALM BEACH, FLORIDA.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  12-8248-JMH

UNITED STATES OF AMERICA

vs.

MISAEL BENITEZ-MALDONADO
Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____Carolyn Bell_____
CAROLYN BELL
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500286
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Email: carolyn.bell@usdoj.gov